**No. 52788.**—Alpha Lux Co. et al. *v.* United States, protests 73243–K, etc. (Philadelphia, etc.).

Opinion by EKWALL, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 52789.**—Bortolo Bendin, Inc., and Pepe-Maisano Co. *v.* United States, protests 137251–K and 137932–K (New York).

Opinion by JOHNSON, J. At the trial it was stipulated that the facts and issues herein are similar to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the quantities reported by the inspector as manifested, not found, were not in fact received by the importers. In accordance with stipulation and following the decision cited it was held that the merchandise, insofar as it involves the quantities reported by the inspector as manifested, not found, is subject to an allowance in duties. The protests were sustained to this extent.

**No. 52790.**—Bohemian Dist. Co. et al. *v.* United States, protests 896873–G, etc. (Los Angeles, etc.).

Opinion by JOHNSON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 52791.**—Heydt-Mugler, Inc., et al. *v.* United States, protests 124672–K, etc. (New York).

Opinion by JOHNSON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE FIRST DIVISION, JANUARY 6, 1949

**No. 52792.**—Chemical Specialties Co., Inc. *v.* United States, protest 142765–K (New York).

Opinion by COLE, J. It was stipulated that the merchandise in question is the same in all material respects as the estrogenic hormone passed upon in *Roche-Organon* v. *United States* (35 C. C. P. A. 99, C. A. D. 378). The claim at 10 percent under paragraph 34 was therefore sustained.

**No. 52793.**—European Chemical & Metal Co. *v.* United States, protest 143435–K (New York).

Opinion by COLE, J. It was stipulated that the merchandise in question is the same in all material respects as the estrogenic hormone passed upon in *Roche-Organon* v. *United States* (35 C. C. P. A. 99, C. A. D. 378). The claim at 10 percent under paragraph 34 was therefore sustained.

**No. 52794.**—Chemical Specialties Co., Inc. v. United States, protest 143457-K (New York).

Opinion by COLE, J. It was stipulated that the merchandise in question is the same in all material respects as the estrogenic hormone passed upon in *Roche-Organon* v. *United States* (35 C. C. P. A. 99, C. A. D. 378). The claim at 10 percent under paragraph 34 was therefore sustained.

**No. 52795.**—Kasenit Co. et al. v. United States, protests 140352-K, etc. (New York).

Opinion by COLE, J. The protests were dismissed.

BEFORE THE SECOND DIVISION, JANUARY 6, 1949

**No. 52796.**—W. J. Byrnes & Co. of N. Y., Inc., et al. v. United States, protests 94847-K, etc. (New York).

Opinion by TILSON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 52797.**—W. T. Grant Co. v. United States, protest 921457-G (San Francisco).

Opinion by RAO, J. An examination of the record failing to disclose any error in the action of the collector, the protest was overruled.

BEFORE THE THIRD DIVISION, JANUARY 7, 1949

(NOTE: The following petition was tried before a special third division consisting of CLINE, OLIVER, and COLE, Judges.)

**No. 52798.**—Fuchs Shoe Co. v. United States, petition 6672-R (New York).

COLE, Judge: The provisions of section 489 of the Tariff Act of 1930 (19 U. S. C. §1489) are invoked in this case to obtain remission of additional duties accruing by reason of the final appraised value exceeding the entered value of sisal footwear exported from Port-au-Prince, Haiti, and entered at the port of New York.

All the testimony before us was given by the president of the petitioner corporation. The Government offered nothing in rebuttal, and neither party submitted briefs.